UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSAN VICK,

            Plaintiff,              Case No. 14-cv-12170

v              Honorable Thomas L. Ludington
             **FILED UNDER SEAL**

FIRST STATE HOME HEALTH CARE, INC. and
SHAHID IMRAN,

            Defendants.

_____/

## ORDER GRANTING IN PART MOTION FOR ENLARGEMENT OF TIME AND UNSEALING COMPLAINT

On June 2, 2014, Relator Susan Vick filed a qui tam complaint against Defendants First State Home Health Care, Inc. and Shahid Imran. Vick claims that Defendants committed Medicare and Medicaid fraud by certifying "homebound"[1] health care services for individuals who did not, in fact, qualify as homebound under the statutes.

Since the Relator has filed the qui tam complaint in June 2014, the United States Government has investigated the allegations to determine whether it will intervene. On June 5, 2015, the Government filed another request for an extension of time in which to make an intervention decision. In general, the Government claimed that it needed additional time because it had lacked the manpower to investigate the allegations. The Government did suggest, however, that "[a]lternatively, the plaintiff-relator can go forward with the case and the United States will continue to investigate." Because this case has been pending for a year, and because the Government's lack of investigatory manpower is not a sufficient reason to keep the

---

[1] For example, Medicare regulations provide that a "homebound" person is, in general, one who (A) requires the full assistance of another person and supportive device to leave the home and (B) requires intermittent or part-time skilled nursing services or physical, speech, or occupational therapy.

complaint under seal,[2] the Government's alternative suggestion will be adopted. *See U.S. ex rel. Martin v. Life Care Centers of America, Inc.*, 912 F. Supp. 2d 618, 625 (E.D. Tenn. 2012) ("In any event 'good cause' is not established merely upon a showing that the Government was overburdened and had not had a chance to address the complaint." (quoting S. Rep. No. 99-345 (1986)).

Accordingly, it is **ORDERED** that the United States of America's Motion for Enlargement (ECF No. 6) is **GRANTED IN PART**.

It is further **ORDERED** that the Complaint be unsealed on **July 17, 2015**.

It is further **ORDERED** that, once the Complaint is unsealed, the Relator is **DIRECTED** to serve the Defendants with the unsealed Complaint in accordance with the Federal Rules of Civil Procedure.

It is further **ORDERED** that the seal be lifted as to all other matters occurring in this action beginning on **July 17, 2015**.

It is further **ORDERED** that the parties shall serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States as provided for in 31 U.S.C. § 3730(c)(3).

It is further **ORDERED** that the United States may order any deposition transcripts and may file a motion to intervene in this action, for good cause, at any time.

---

[2] *See, e.g. U.S. ex rel. Martin v. Life Care Centers of America, Inc.*, 912 F. Supp. 2d 618, 623 (E.D. Tenn. 2012) (In this case, however, the Government apparently used the under-seal period as a means of conducting unchecked discovery in an effort to build a more complete case against Defendant. . . . This practice of conducting one-sided discovery for months or years while the case is under seal was not contemplated by Congress and is not authorized by the [FCA]." (quoting *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (S.D. Cal. 1997)) (internal quotation marks omitted).

- 3 -

It is further **ORDERED** that if the Relator or the Defendant propose that this action be dismissed, settled, or otherwise discontinued, the parties must solicit the written consent of the United States.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 16, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 16, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager

---